**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| INKWELL BEACH COTTAGE, LLC,<br>d/b/a Inkwell Beach House,<br>INKWELL BEACH HOUSE, LLC, d/b/a<br>Narragansett House, and<br>KAHINA VAN DYKE,<br><br>        Plaintiffs,<br><br>v.<br><br>INKWELL BEACH HOUSE HOLDINGS, LLC,<br>INKWELL OPERATIONS, LLC, and<br>ALBERT L. CALLOWAY, JR.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

### VERIFIED COMPLAINT AND JURY CLAIM

1.      This is a civil action to recover damages for the Defendants' misuse and misappropriation of the Plaintiffs' tradename, trademark and business opportunities, for the Defendants' unfair and deceptive business acts and practices, unfair competition through false and misleading representations, and for other wrongful acts causing damage and losses to the Plaintiffs' business and reputation, and to obtain temporary and permanent injunctions to prevent the Defendants' wrongful business conduct.

### Parties

2.      The Plaintiff, Kahina Van Dyke, is an individual with a place of residence at Niskayuna, Schenectady County, New York, who at all material times has been a manager and member of Plaintiffs Inkwell Beach House LLC and Inkwell Beach Cottage LLC, and who brings this action individually and as manager of said companies.

3.     The Plaintiff, Inkwell Beach House LLC, is a Massachusetts limited liability company having a principal place of business at 46 Narragansett Avenue, Oak Bluffs, Dukes County, Massachusetts.

4.     The Plaintiff, Inkwell Beach Cottage, LLC d/b/a Inkwell Beach House, is a Massachusetts limited liability company having a principal place of business at 83 Seaview Avenue, Oak Bluffs, Dukes County, Massachusetts.

5.     Defendant, Albert L. Calloway Jr., a/k/a "A.J. Calloway," is an individual who on information and belief is a resident of the state of Georgia, and who has a principal place of business at 980 Birmingham Road, Suite 501, Milton, Georgia.

6.     Defendant, Inkwell Beach House Holdings LLC, is a corporation organized and existing pursuant to the laws of the State of Delaware, having a principal place of business at 22 Hillstream Road, Newark, Delaware

7.     Defendant, Inkwell Operations LLC, is a corporation organized and existing pursuant to the laws of the State of Delaware, having a principal place of business at 22 Hillstream Road, Newark, Delaware

## Jurisdiction

8.     Subject matter jurisdiction of this Court is founded upon 28 U.S. Code §1332(1)(a), because the action is between citizens of different states and the amount in controversy exceeds $75,000.

9.     Personal jurisdiction of this Court over the Defendants is founded upon Mass. General Laws, Chapter 223A, Section 3, because the Defendants (a) transact business in this commonwealth, (b) contract to supply services and things within this commonwealth, (c) have caused tortious injury by acts within this commonwealth, (d) regularly do and solicit business

2

and engage in persistent courses of conduct within this commonwealth and derive substantial revenue therefrom, and (e) have an interest in, use or possess real property in this commonwealth.

**Plaintiffs' Established Business Interests**

10.     Plaintiff Kahina Van Dyke, individually and as manager and member, is the owner and operator of a family of established, licensed, and well-known hospitality businesses in Oak Bluffs, Martha's Vineyard, Massachusetts, operating and branded as:

(a)     Inkwell Beach House LLC, d/b/a Narragansett House, registered in Massachusetts in 2018, with a principal place of business located at 46 Narragansett Avenue, Oak Bluffs, Massachusetts;

(b)     Inkwell Beach Cottage LLC, d/b/a Inkwell Beach House, registered in Massachusetts in 2022, with a principal place of business located at 83 Seaview Avenue, Oak Bluffs, Massachusetts;

(c)     Dunmere by the Sea Cottage, located at 7 Pennacook Avenue, Oak Bluffs, Massachusetts, acquired by the Plaintiffs in 2020;

(d)     Jubilee LLC, a retail store at 42 Circuit Avenue, Oak Bluffs, Massachusetts operating since 2023.

11.     The Plaintiff Kahina Van Dyke purchased the Inkwell Beach House property at 83 Seaview Avenue, Oak Bluffs in December 2021 for a total consideration of $5,500,000, consisting of $4,200,000 for the real property and $1,300,000 for the business, goodwill, and assets. The acquisition was publicly announced on the business Instagram account (@theinkwellhaven) in January 2022.

12.     Over the subsequent years of operation, Plaintiff Kahina Van Dyke has invested

3

more than $2,000,000 in property upgrades, marketing, events, sponsorships and improvements in Inkwell Beach House.

13.     The Inkwell Beach House operates as, and is well-known as, a premier, high-demand lodging destination. The property has maintained a guest waiting list for all years of operation and currently holds a 4.6-star Google rating. Clientele includes celebrities and high-profile guests.

14.     The business has been registered as "Inkwell Beach House" since its inception with all major search engines, hospitality and business, as well as third-party booking platforms, including Booking.com, TripAdvisor, Yelp, and Google My Business.  Inkwell Beach House LLC and Inkwell Beach Cottage LLC d/b/a hold all required Town of Oak Bluffs business and lodging licenses.

15.     Beginning in 2022, the business introduced branded Inkwell Beach House merchandise, including polo shirts, water bottles and fleece.  Staff have been photographed wearing this branded merchandise in local newspaper coverage and documentary footage, establishing documented, commercial common law trademark rights in the Inkwell Beach House name and brand identity.

16.     Plaintiff Kahina Van Dyke is a public figure with respect to her business and charitable activities in Martha's Vineyard, and she, her business holdings and her properties have been featured in many publications, a representative sampling of which are:

-   *UPTOWN Magazine* — Cover story featuring Ms. Van Dyke and her properties (August 2023): https://online.fliphtml5.com/lkxmn/zylu/#p=38.

-   *MV Times* — Feature story on Ms. Van Dyke, "A Joyful Jubilee" (November 2023) https://www.mvtimes.com/2023/11/01/a-joyful-jubilee/.

4

- *MV Magazine* — "For the Love of the Bluffs" (June 2021):

    https://mvmagazine.com/news/2021/06/30/love-bluffs.

17.    Plaintiff Kahina Van Dyke is also the founder of the Jubilee Charitable Corporation and the Jubilee Festival, an annual free community festival in Oak Bluffs launched in 2021, that has grown into a national destination event.  In 2025, Plaintiff Kahina Van Dyke received the Carter G. Woodson Distinguished Achiever Award for her business contributions to Oak Bluffs.  The Plaintiff and her properties have been featured in the New York Times, MV Magazine, Vineyard Gazette (multiple years), Ebony Magazine, and Uptown Magazine.  She hosts a podcast recorded on Martha's Vineyard and maintains a significant and active public profile in the community.

18.    The "Inkwell Beach House" tradename is famous and has substantial recognition in the Oak Bluffs community, and the tradename functions as the primary identifier for the property and the business in the community.  Establishment and recognition of the proprietary Inkwell Beach House name and business have occurred, *inter alia,* through the following means:

(a)    Inkwell Beach House LLC d/b/a Narragansett House, registered with the Massachusetts Secretary of State Corporations Division in 2018;

(b)    Inkwell Beach Cottage LLC d/b/a Inkwell Beach House, registered with the Massachusetts Secretary of State in 2022;

(c)    Continuous, active commercial operation under the Inkwell Beach House trade name since 2022, with the physical business located at 83 Seaview Avenue, Oak Bluffs, established as a well-known, publicly identified address across the street from Inkwell Beach;

(d)    Ownership of Internet domain names www.inkwellbeachhouse.com and

5

www.inkwellbeach.com for more than ten (10) years;

(e)      Continuous active social media presence of the Inkwell Beach House trade name and business, amassing over 30,000 followers;

(f)      Commercial sale of Inkwell Beach House branded merchandise to the public since at least 2022, offered on the website and social media, with documented public display in newspaper photography and documentary footage;

(g)      Third-party platform registrations under the Inkwell Beach House name on Booking.com, TripAdvisor, Yelp, Facebook and Google;

(h)      Business and lodging licenses issued in the Inkwell Beach House name by the Town of Oak Bluffs, which have been held continuously;

(i)      Extensive media coverage in local, regional, and national media under the Inkwell Beach House name, including in the New York Times, Vineyard Gazette, Ebony, and Uptown Magazine;

(j)      Continuously maintained website and online presence advertising the name and business of Inkwell Beach House: https://inkwellbeach.com.

19.      The Plaintiffs' operation of businesses under the Inkwell Beach name and registration and use of Internet domains as such date back to 2012, as follows:

(a) inkwellbeach.com, registered in July 2012;

(b) inkwellbeachhouse.com, registered in August 2017;

(c) inkwellbeachclub.com, registered in August 2017;

(d) inkwellbeach.house, registered in August 2017;

(e) inkwellbeach.org, registered in June 2018;

(f) inkwellbeachcompany.com, registered in July 2018;

6

(g) inkwellbeachhouse.club, registered in June 2018;

(h) inkwellbeachhouse.online, registered in June 2018;

(i) inkwellbeachhouse.store, registered in June 2018.

20.    By their continuous use thereof, the Plaintiffs possess proprietary interests and ownership rights in and to the Inkwell Beach House tradename and trademark, which name is publicly associated with the Plaintiffs' business operations and activities on Martha's Vineyard, and the Plaintiffs have made substantial investments in the development and growth of the businesses operated under the tradename.

21.    The name "Inkwell Beach House" has acquired a secondary meaning such that confusion is likely to arise if any other person, including the Defendants, are allowed to use it.

**Defendants' Infringement, Misappropriation and Deception**

22.    On February 4, 2026, Defendant Inkwell Beach House Holdings LLC was formed as a corporation under authority of the State of Delaware Division of Corporations.

23.    On February 9, 2026, Defendant Inkwell Operations LLC was formed as a corporation under authority of the State of Delaware Division of Corporations.

24.    On March 17, 2026, Defendant Inkwell Operations LLC was registered by the Massachusetts Secretary of State to transact business in Massachusetts.

25.    On several occasions prior to March 2026, staff members at the Inkwell Beach House reported individuals in the hotel lobby asking to buy Inkwell Beach House sweatshirts, which is a merchandise item the business does not produce.  One on occasion, a well-known guest who also knows the Defendant Calloway informed Plaintiff Kahina Van Dyke that Calloway was distributing sweatshirts bearing the Inkwell Beach House name.  In the same conversation, another guest reported that a friend believed Defendant Calloway had invested in

7

Ms. Van Dyke's business. These unsubstantiated incidents were the Plaintiffs' first indication, that a third party was using the Plaintiffs' trade name in connection with merchandise sales and/or investment solicitation.

26. On various dates in March 2026, Plaintiff Kahina Van Dyke received multiple text messages from existing customers, neighbors, and community members offering congratulations on her "new business." Upon investigation, the Plaintiff learned that Defendant Calloway is planning to launch a new business called the Inkwell Beach House at 9 Oak Bluffs Avenue, Oak Bluffs, less than one-half mile from the Plaintiffs' existing Inkwell Beach House at 83 Seaview Avenue.

27. The Defendants have published https://www.inkwellbeachhouse.info/, a website advertising the "Inkwell Beach House" as a "premier event destination in Oak Bluffs, Martha's Vinyard, offering elevated coastal spaces designed for unforgettable gatherings."

28. The website lists as facilities available to the public: Inkwell Beach House Restaurant Level 1 ("an intimate yet sophisticated dining environment…"), Inkwell Beach House Dream Space Level 2 ("Our largest event space…"), and Inkwell Reserve Lounge Level 2 (50-Person Capacity, An exclusive member-only lounge…"). https://www.inkwellbeachhouse.info/.

29. The website states:

Set against the backdrop of Martha's Vineyard, Inkwell Beach House offers a sophisticated coastal setting for ceremonies, receptions, and weekend celebrations. With generous scale and stage-ready flexibility, your wedding becomes more than an event — it becomes a destination experience. https://www.inkwellbeachhouse.info/.

30. The Defendants continue to use the Inkwell Beach House trademark and trade name on merchandise, including clothing and accessories, without license or authority of the Plaintiffs which have pre-established ownership rights to them.

31. Despite the Plaintiffs' longstanding use of "Inkwell Beach House" and their

reputation as a business establishment, the Defendants' use of the tradename and the advertisement of their facilities have occurred without approval or license by the Plaintiffs. The Plaintiffs have not been consulted or contacted at any time by the Defendants to discuss approval, licensure or business dealings, and the Defendants have acted unilaterally.

32. Defendant Albert L. Calloway, Jr. has given interviews, including to the Vineyard Gazette, and has begun posting publicly about his venture, and commenced accepting deposits for events under the Inkwell Beach House name. Staff at the Plaintiffs' businesses began receiving calls from members of the public seeking to book event space at the "Inkwell Beach House" apparently in response to services being advertised by the Defendants.

33. On March 9, 2026, Plaintiff Kahina Van Dyke received a text message from a long-time client, stating, "You have an event space now? Where is it…I thought you were part of the new loft cause they are calling it…is that you too?"

34. On April 29, 2026, the Vineyard Gazette published an article incorrectly stating that the existing Inkwell Beach House is opening a new business operation at the site of the former Martha's Vinyard Chowder Company in downtown Oak Bluffs. https://vineyardgazette.com/news/2026/04/29/new-restaurant-and-event-venue-planned-downtown-oak-bluffs.

35. The article quotes the Defendant Calloway stating that he intends to operate the "Inkwell Beach House" at that location on a year-round basis.

36. On May 1, 2026, Plaintiff Kahina Van Dyke received a text message from a longtime collaborator and neighbor who is an internationally recognized culinary expert, stating, "Congratulations on the new restaurant venture."

37. To date, the following additional specific incidents of confusion and misdirection

9

have been reported and documented:

(a)      An attorney who called Ms. Van Dyke to present her with a professional award proudly announced that they had booked the Inkwell Beach House for the event, but then realized that they had erroneously booked the Defendants' establishment.  The attorney was mortified to discover the venue was not owned by the Plaintiff, stating: "I saw a post that made it seem like it was yours."

(b)      In May, 2026, at a professional event in New York City, at least four individuals approached Ms. Van Dyke to ask about the "new business."  At least one of these individuals reported having been directly approached by Defendant Calloway to invest, and that Defendant Calloway had falsely inferred there was a partnership or collaboration between Calloway and Plaintiff Kahina Van Dyke.

(c)      At the present time in May 2026, multiple current and prospective clients of Ms. Van Dyke's Inkwell Beach House have reported contacting the Defendants' businesses operations, erroneously believing they were booking with the established business at 83 Seaview Avenue, resulting in direct loss of bookings and revenue to the Plaintiffs.

(d)      The confusion has extended to delivery operations: The UPS manager for Martha's Vineyard posted publicly on Facebook asking if anyone could identify the owner of the Inkwell Beach House, as packages were being misdirected and delayed.  Plaintiff Kahina Van Dyke's businesses receive dozens of packages per week under the Inkwell Beach House name, making this misdirection an active operational risk.

### Defendants' Fraudulent Fundraising Activities

38.      The Defendants have falsely held themselves out as being associated with, and/or having a proprietary interest in, the Inkwell Beach House owned and operated by the Plaintiffs.

10

39.    The Operating Agreement of the Defendant Inkwell Beach House Holdings, LLC, executed and enacted by Defendant Calloway, states, in part:

> WHEREAS, the Company has been organized for the purpose of acquiring, developing, owning, operating, and managing certain real property and hospitality operations, including a restaurant, private membership lounge, concert venue, and event space, including **without limitation the property commonly known as Inkwell Beach House** and related adjacent properties…(emphasis added).

> See Exhibit A, which is a true and accurate copy of the Operating Agreement of Inkwell Beach House Holdings LLC.

40.    The Defendants have actively solicited investors in Inkwell Beach House Holdings LLC by, *inter alia,* circulation of a Subscription Booklet which contains a "confidential offering of limited liability company membership interests" in the company for the purpose of acquiring and operating the Inkwell Beach House as stated in the Operating Agreement.

41.    The Defendants have intentionally and knowingly adopted the trade name belonging to the Plaintiffs and have begun operating a competing business under the same name, in order to deceive the Plaintiffs' potential investors and existing customer base to believe that the Defendants' business is a venture operated by the Plaintiffs, and to divert such potential investments to the Defendants.

42.    The Defendants have intentionally and knowingly attempted to create confusion in the marketplace, to unfairly compete with the Plaintiffs' ongoing and established businesses, and to dilute and diminish the value of the Plaintiffs' business to usurp and misappropriate the Plaintiffs' business goodwill, assets and market share.

43.    The Defendants have manifested their purpose and intent to harm and diminish the value of the Plaintiffs' business by fraudulently and deceptively soliciting investors, diverting business away from the Plaintiffs, and acquiring the Plaintiffs' goodwill, reputation and market share.

11

44.     Plaintiff Kahina Van Dyke has been independently engaged in discussions with bankers, financiers, and investors since early 2025 regarding refinancing or investment in her own established business. The Defendants' fraudulent fundraising activities have directly contaminated this investment landscape and interfered with the Plaintiff's own legitimate capital-raising efforts.

45.     Multiple individuals who believed they were investing in the Plaintiffs' established businesses have directed funds to the Defendant's venture.

46.     Multiple prospective investors have reported to Plaintiff Kahina Van Dyke that Defendant Calloway has collected investment funds in excess of one million dollars ($1,000,000) under the Inkwell Beach House name.  On information and belief, these funds appear to have been raised through material misrepresentations regarding the nature, ownership, and affiliation of the investment opportunity, including implied or explicit suggestions of partnership with Plaintiff Kahina Van Dyke.

47.     Neither Plaintiff Kahina Van Dyke nor any other representative or agent of the Plaintiff business have ever had any conversation with Defendant Calloway regarding any partnership, collaboration, acquisition, licensing, or affiliation, and there has been no partnership, joint enterprise or agreement between the Plaintiffs and the Defendants.

48.     All use, reference, adoption or appropriation of the Inkwell Beach House, brand, tradename or trademark by the Defendants is without permission or license from the Plaintiffs who are the rightful owners, is wrongful and deceptive, is intended to cause confusion and misdirection, and constitutes misappropriation.

49.     The Plaintiffs have suffered losses of sales revenues, investor contributions, business goodwill and reputation, and other harm and damage as a result of the Defendants'

12

wrongful actions and unfair methods of competition, and they are reasonably likely to suffer damage and losses into the future.

50. The Plaintiffs' damages are presently unknown but are reasonably believed to far exceed this Court's jurisdictional threshold of $75,000, and are constituted by the threat of irreparable harm to: (1) the value of the Plaintiff's investments of more than $7,500,000 in the Inkwell Beach House, (2) the Plaintiffs' reputation, goodwill and standing in the community, (3) consumer demand for the Plaintiffs' goods and services, (4) the attractiveness of the Plaintiffs' businesses to potential investors, (5) damage and dilution of the Plaintiffs' brands, and (6) other harm for which money damage are inadequate compensation and there is no adequate remedy at law.

51. The Plaintiffs are likely to suffer such irreparable harm in the absence of preliminary and permanent injunctive relief.

## COUNT I – LANHAM ACT – 15 U.S.C. §1125

52. By the actions described above, the Defendants, jointly and severally, have used in commerce, in connection with their sale of their goods and services, false and misleading words, terms, names, symbols and devices, have made false designation of origin, false and misleading descriptions and representations of fact which are likely to cause confusion or mistake or to deceive as to the affiliation, connection or association of the Defendants with the Plaintiffs, are likely to cause confusion or deceive as to the origin, sponsorship or approval of the Defendant's commercial activities, goods and services with those of the Plaintiffs, and have misrepresented the nature, characteristics, qualities and origins of the Defendants' goods, services and commercial activities.

53. The Plaintiffs have been harmed by the Defendants' wrongful, misleading and

deceptive acts and will suffer irreparable harm for which they have no adequate remedy at law as a result of the Defendant wrongful, misleading and deceptive acts and practices, and they bring this action pursuant to 15 U.S.C. §1125 to recover monetary damages and equitable relief therefor.

### COUNT II – UNFAIR AND DECEPTIVE ACTS AND PRACTICES – M.G.L c.93A

54.     By the actions described above, the Defendants, jointly and severally, have engaged in unfair methods of competition, and in unfair and deceptive acts and practices in the conduct of trade and commerce which are made unlawful by Mass. General Laws, Chapter 93A, Section 2.

55.     The Plaintiffs have been harmed by the Defendants' wrongful, misleading and deceptive acts and practices and will suffer irreparable harm for which they have no adequate remedy at law, and they bring this action pursuant to Mass. General Laws, Chapter 93A, Section 11, to recover monetary damages, punitive damages and equitable relief therefor.

### COUNT III – UNTRUE AND MISLEADING ADVERTISEMENTS – M.G.L. c.266, §91

56.     By the actions described above, the Defendants, jointly and severally, with intent to sell or dispose of merchandise, securities, services and other items and goods to the public for sale or distribution, with intent to increase the consumption of or demand for such merchandise, securities, service or other things, and with intent to induce the public to enter into any obligation relating thereto, or to acquire title thereto, or an interest therein, have made, published, disseminated, circulated and placed before the public, advertisements regarding merchandise, securities, services and other things offered to the public containing assertions, representations and statements of fact which are untrue, deceptive or misleading.

57.     The Plaintiffs will suffer irreparable harm for which they have no adequate

14

remedy at law as a result of the Defendants' wrongful, misleading and deceptive acts and practices, and they bring this action to enjoin the Defendants from engaging in such actions to their further harm and detriment.

## COUNT IV – TRADEMARK INFRINGEMENT

58. By their adoption and continuous use of the name "Inkwell Beach House" for a prolonged period before its misuse by the Defendants, the Plaintiffs have become the rightful owners at common law of the mark and name, which are inherently distinctive and have a acquired a recognized secondary meaning to the public such that it is associated directly with the Plaintiffs' businesses, and the Defendants' use of the name and mark causes confusion, and deceives and misleads customers regarding the entity operating the business.

59. The Plaintiffs have been harmed by the Defendants' infringement of the trademark, "Inkwell Beach House," and will suffer irreparable harm for which they have no adequate remedy at law as a result of the Defendants' wrongful, misleading and deceptive acts and practices, and the Plaintiffs bring this action to enjoin the Defendants from engaging in such actions and to recover damages therefor.

## COUNT V – UNFAIR COMPETITION

60. By the actions described above, the Defendants have intentionally misrepresented and palmed off their business operations as those of the Plaintiffs known as the "Inkwell Beach House," which name has acquired a secondary meaning such that the Defendants' use of the business name causes confusion among customers, investors and the general public.

61. The Defendants' intentional misrepresentations and palming off of their business operations as those of the Plaintiffs constitute unfair methods of competition which are prohibited at common law.

62.     The Plaintiffs have been harmed by the Defendants' unfair methods of competition, and they will suffer irreparable harm for which they have no adequate remedy at law as a result of the Defendants' wrongful, misleading and deceptive acts and practices, and they bring this action to recover monetary damages and equitable relief therefor.

**COUNT VI – TORTIOUS INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIP**

63.     By the actions described above, including the false representation to investors that they were investing with the Plaintiffs' companies, the Defendants have intentionally, deceitfully and maliciously interfered with advantageous relationships between the Plaintiffs and their investors, and have misappropriated the benefits of those investments to themselves.

64.     The Plaintiffs have been harmed by the Defendants' unfair interference, and they bring this action to recover monetary damages and equitable relief therefor.

WHEREFORE, the Plaintiffs demand judgment against the Defendants as follows:

I.     In the issuance of temporary and permanent injunctive relief enjoining, restraining and prohibiting the Defendants from using the name "Inkwell Beach House," and from stating, implying or suggesting that they operate a business which is affiliated or associated with, or licensed, by the Plaintiffs;

II.     For money damages in amounts to be determined at trial to be reasonable and adequate to compensate the Plaintiffs for the damages caused by the Defendants' unfair, deceptive, false and misleading advertising, descriptions, designations and statements concerning the nature of their businesses;

III.     For money damages in amounts to be determined at trial to be reasonable and adequate to compensate the Plaintiffs for their loss of revenue resulting from the diverted business obtained by the Defendants by their false and misleading

16

statements;

IV.   For money damages in amounts to be determined at trial to be reasonable and adequate to compensate the Plaintiffs for the loss of investment potential and opportunities caused by the Defendants' false and misleading statements;

V.    For actual damages, multiple damages, attorneys' fees and other damages and remedies available under the applicable common law and statutory remedies, and

VI.   For such other relief as this Court deems reasonable and necessary in the interests of justice.

## JURY CLAIM

In accordance with the provisions of Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiffs demand a jury trial as to all issues raised in this action which are properly tried to a jury.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 31st DAY OF MAY, 2026.

Signed by:

C6504829588C499...

Kahina Van Dyke, Individually and as Manager of Inkwell Beach Cottage LLC and Inkwell Beach House LLC

By Plaintiffs' Attorney,

Eric P. Finamore (BBO#541872)
Wilchins Cosentino & Novins LLP
250 First Avenue, Suite 302
Needham, MA  02494
(781) 235-5500
efinamore@wcnllp.com